UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY PORTER,

        Plaintiff,

v.

CATHY JESS, JAMES SCHWOCHERT, GARY HAMBLIN, DR. DAVID BURNETT, JAMES GREER, and LORI ALSUM,

        Defendant.

Case No. 16-CV-1203-JPS

**ORDER**

    The plaintiff, who is incarcerated at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The plaintiff has been assessed and paid an initial partial filing fee of $1.68. 28 U.S.C. § 1915(b)(4).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief

Page 2 of 8

Case 2:16-cv-01203-JPS   Filed 12/12/16   Page 2 of 8   Document 12

above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that the defendants made or implemented a policy to use correctional officers, rather than licensed medical personnel, to distribute inmate medications. (Docket #1 at 2-3). He claims that the officers fail to timely reorder inmate medications and do not keep an accurate log of the medications they deliver. *Id.* at 3. The plaintiff contends that the delay in receiving his medications causes him unspecified "physical and psychological pain and suffering." *Id.* He seeks money damages and an

injunction against using officers to distribute inmate medication in the future. *Id.* at 4.

The plaintiff's complaint fails to state a claim upon which relief may be granted for a number of reasons. First, he fails to allege any time period for the issue beyond "everyday, all day," or the date of any specific instances where he was unable to take his medications because they had not been reordered. Thus, it is impossible for the Court to determine whether his claim is timely under the applicable statutes of limitation.

Second, he does not allege facts sufficient to hold these defendants liable. An Eighth Amendment claim for inadequate medical care requires proof that "[the [plaintiff] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating [him]; and (3) this indifference caused [him] some injury." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "With regard to the deliberate indifference prong," the *Gayton* court instructs that

> the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred.

*Id.* The plaintiff fails to allege any facts regarding each defendants' knowledge of the medication issue, their authority to remedy the issue, or any actions they took in that regard.

The Court will, however, permit the plaintiff to amend his complaint.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **January 2, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Finally, the Court addresses the plaintiff's motion "requesting supplemental jurisdiction[.]" (Docket #3). He requests that the Court "hear

all his state charges," and specifically find that the defendants "were guilty of medical negligence involving 'reckless or callous disregard.' See: Medical Malpractice." *Id.* The Court must deny this motion. First, the plaintiff cannot attempt to include claims in his complaint by reference in a motion or other document. All of the claims must be contained in the complaint itself. Second, even assuming the plaintiff had attempted to assert a state law medical malpractice claim in his complaint, it would necessarily fail. Among other deficiencies, medical malpractice claims may only be pursued against medical professionals, and the only defendant who would seem to qualify is Dr. David Burnett. (Docket #1 at 1). Even as to Dr. Burnett, Wisconsin law requires that such claims be mediated before they are allowed to proceed. Wis. Stat. §§ 655.42-445 (2015). The mediation must occur prior to filing a lawsuit or within fifteen days of filing. *Seaquist v. Physicians Ins. Co. of Wisconsin, Inc.*, 531 N.W.2d 437, 441 (Wis. 1995). The fifteen day deadline has already passed and the plaintiff has not alleged that he ever participated in the required mediation.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **January 2, 2017**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that the plaintiff's motion "requesting supplemental jurisdiction" (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his shall collect from the plaintiff's prisoner trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated any of these institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge