# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTHONY PORTER,<br><br>               Plaintiff,<br>v.<br><br>CATHY JESS, JAMES SCHWOCHERT, GARY HAMBLIN, DR. DAVID BURNETT, JAMES GREER, and LORI ALSUM,<br><br>               Defendants. | Case No. 16-CV-1203-JPS<br><br><br><br>**ORDER** |

      On December 12, 2016, the Court screened the plaintiff's original complaint. (Docket #12). The Court found that the plaintiff failed to state any viable claims for relief, but permitted him to amend his complaint. *Id.* at 4-5. The plaintiff submitted an amended complaint on December 15, 2016. (Docket #13).

      As noted in the first screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). All of the standards cited in the first screening order remain applicable here. (Docket #12 at 1-3).

The focus of the plaintiff's complaint remains the same: he has been denied timely administration of his medication, causing him physical and psychological injury, because of the defendants' inadequate policies regarding reordering inmate medications and using non-medical correctional staff to distribute medications. (Docket #13 at 1, 4-5). In addition to the explanation of deliberate indifference law cited in first screening order, further precedent is applicable here. (Docket #12 at 4). The Seventh Circuit holds:

> The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." . . . A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." . . . This definition recognizes that the individual does not have to have participated directly in the deprivation. . . . Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See* [*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)] ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")[.]

*Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

In its first screening order, the Court specifically instructed the plaintiff to allege "facts regarding each defendants' knowledge of the medication issue, their authority to remedy the issue, or any actions they took in that regard." (Docket #12 at 4). The plaintiff's amended complaint does none of these. The plaintiff does not allege that any of these defendants improperly distributed his medication themselves. He also does not allege who any of the defendants are (their positions at Waupun) or what authority

they had to change the medication policies. Further, though the plaintiff briefly notes a few instances of grievances he filed, he does not allege that any of the defendants were involved in the medication issues underlying those grievances, or knew about the conduct and condoned it. (Docket #13 at 2). In fact, none of the defendants are mentioned in any of the grievance documents attached to the amended complaint. (Docket #13-1). In sum, the plaintiff fails to allege that any of the defendants knew about any particular instance of inadequate or improper medication distribution to him, that they had authority to change the relevant medication policies, and that their failure to do so was criminally reckless. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Their alleged general awareness of problems with medication distribution cannot support a claim that they were deliberately indifferent to the plaintiff on any particular occasion.

The closest the plaintiff comes to alleging knowledge is against Gary Hamblin ("Hamblin"), namely that "Hamblin's office is put on notice, when my medical complaints come to his office for a decision." (Docket #13 at 4). It appears that the plaintiff seeks to impose liability on Hamblin as a reviewer of one or more of his grievances (again, Hamblin is not actually named in any of the grievance documents provided). However, it is clear from the grievances the plaintiff provided that Waupun's medical and correctional staff were actively involved in responding to them. *See* (Docket #13-1). Complaint examiners are entitled to rely on the assurance that medical and correctional staff are addressing the concerns involved in a complaint absent specific knowledge that staff are ignoring the plaintiff's problems. *See Greeno v. Daley*, 414 F.3d 645, 655-57 (7th Cir. 2005); *Burks v. Raemisch*, 555 F.3d 592,

595 (7th Cir. 2009). The plaintiff does not say that Hamblin ignored his complaints, which might create liability, *see Burks*, 555 F.3d at 595; in fact, Hamblin affirmed some of the grievances, confirming that he was giving them attention. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. . . . Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

In his amended complaint, the plaintiff now attempts to state additional causes of action beyond deliberate indifference to his medical needs. (Docket #13 at 5-9). None have merit. The plaintiff includes a heading titled "failure to intervene," and cites a Seventh Circuit decision on that subject, but never mentions that any defendant failed to intervene as to any particular constitutional violations. His deliberate indifference theory, however, is indistinguishable from a failure to intervene theory, and thus this claim fails for the same reasons stated above. The plaintiff does not allege that any of the defendants knew of a particular instance of improper medication distribution, had an opportunity to remedy the problem, and refused to do so. The plaintiff cannot proceed on a failure to intervene theory without an underlying constitutional violation, and he has not alleged any committed by these defendants. *Abdullahi v. City of Madison*, 423 F.3d 763, 767-68 (7th Cir. 2005).

Next, the plaintiff alleges "denial of prescription medication" and a related "discrimination" claim. (Docket #13 at 6). The "discrimination" issue

Page 4 of 7

Case 2:16-cv-01203-JPS   Filed 12/19/16   Page 4 of 7   Document 14

appears to be no more than another method of stating that the plaintiff was denied his medications. *Id.* These claims are no different than the deliberate indifference and failure to intervene theories, and must also be dismissed.

The plaintiff next alleges a negligence theory. *Id.* Negligence claims are based in state law, not the Constitution. Nevertheless, the Court could exercise supplemental jurisdiction over the claim if the plaintiff had any surviving federal claims (he does not) and had properly alleged its essential elements. *See* 28 U.S.C. § 1367. In Wisconsin, "[t]here are four elements to any negligence claim: (1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the breach and the plaintiff's injury; and (4) actual loss or damage resulting from the injury." *Brenner v. National Cas. Co.*, 872 N.W.2d 124, 129 (Wis. App. 2015). The plaintiff fails to even make a conclusory allegation of these elements as to any of the defendants. What few factual allegations exist do not otherwise describe the origin of each defendant's duty, how they breached it, or how that breach led to the injuries the plaintiff suffered.

The plaintiff's "personal involvement tort" is not a recognized cause of action. Even if it were, he simply asserts that each of the defendants are "some kind of supervisors, but [they] failed to create a safe policy on how to safely administer and reorder[] medications." (Docket #13 at 6). Again, this is precisely the same theory advanced by the plaintiff under the Eighth Amendment deliberate indifference standards, and it fails for the reasons described above.

Page 5 of 7

Case 2:16-cv-01203-JPS   Filed 12/19/16   Page 5 of 7   Document 14

The plaintiff also fails to state a valid equal protection claim. He alleges a "class-of-one" style claim, which requires that "he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Other than to state that legal conclusion, the plaintiff does not allege that he was treated differently than any other inmate with regard to medication distribution. (Docket #13 at 7). In fact, if his prior filings are any indication, the plaintiff actually believes the medication issue is a widespread problem affecting many inmates. *See Porter et al. v. Hamblin et al.*, No. 16-CV-553-JPS (Docket #1) (proposed multi-plaintiff and class action complaint involving, *inter alia*, the medication issue).

The plaintiff's final claim apparently invokes the First Amendment. Initially, the plaintiff offers various case citations relevant to a retaliation claim. (Docket #13 at 7). However, he makes no further allegations about retaliation of any kind. Instead, he seems to allege that the defendants violated the First and/or Eighth Amendments by failing to ensure that correctional officers keep accurate records on medication distribution. *See id.* at 8-9. Even assuming this is a cognizable claim (the plaintiff does not cite any decisions from this Circuit supporting it), it fails for the same reasons as his other claims. The plaintiff has not alleged who the defendants are, what roles they may have in establishing medical records policies, or whether they deliberately ignored problems with those policies with respect to the plaintiff's care.

Page 6 of 7

In sum, the Court provided the plaintiff with information0 on what was needed to state valid claims against these defendants, but he chose to ignore it. Because the plaintiff has failed to present any viable causes of action after being given an opportunity to amend his complaint, this action must now be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge